Morris E. Spector, J.
Motion for summary judgment and to strike out the answer is granted.
The action is on a check issued by defendant to the order of Arthur Lev, of which check plaintiff became a holder in due course. . The plaintiff’s affidavits reveal that the check was negotiated to it by Lev for a valuable consideration without notice to plaintiff of any infirmity in the check and without knowledge by plaintiff that payment bad been stopped.
Defendant admits that the check was issued in payment of services rendered by Lev under a contract between him and defendant. However, it is claimed that upon discovery of the fact that Lev had breached the contract by performing defective work and using imperfect materials, defendant stopped payment. It is asserted that plaintiff had represented to defendant that Lev was a competent workman and would use good material to be furnished to him by plaintiff. Because of these facts, defendant argues that plaintiff is not a holder in due course since it was, in effect, an interested party to the contract and therefore had notice that the contract was breached by Lev and that there was a failure of consideration.
But defendant submits no facts to indicate in what respects the materials were not suitable for the work performed or to show that plaintiff had knowledge of the particular quality of materials which the contract required Lev to furnish. The plaintiff was not a party to the contract nor is there any claim that it guaranteed that Lev would perform the work in a satisfactory manner and in accordance with the terms of the agreement. Noth *631 ing is shown, other than plaintiff’s part in recommending Lev, to indicate that it was connected in any way with Lev’s breach of the contract. Any defenses based upon that breach, while valid as against Lev, the payee, are not available against plaintiff as a holder in due course.
Here, plaintiff took the check for value without notice of any defect or equities between the parties. As such, it is a holder in due course and, despite its knowledge of the existence and purpose of the contract, it was not under a duty at the time it purchased the check to ascertain whether the contract had been breached. Since the plaintiff denies having notice of the existence of any equities between Lev and the defendant at the time the check was negotiated to it, and the defendant offers no proof to show plaintiff had actual or constructive notice which would require plaintiff to make inquiry as to the facts, the plaintiff has sufficiently established it is a holder in due course.
The answer is struck out and the clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $250, with interest as demanded.